UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JAMES C. WYRICH,<br><br>    Plaintiff,<br><br>v.<br><br>KILOLO KIJAKAZI, Acting Commissioner of Social Security,<br><br>    Defendant. | Case No. 3:20-CV-00682<br><br>Judge Eli J. Richardson<br>Magistrate Judge Alistair E. Newbern |

To:     The Honorable Eli J. Richardson, District Judge

## REPORT AND RECOMMENDATION

Plaintiff James C. Wyrich has filed a motion requesting an award of attorney's fees and expenses pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (Doc. No. 29.) The Social Security Administration (SSA) does not oppose payment of the award in the full amount requested by Wyrich. (Doc. No. 34.) The Magistrate Judge will therefore recommend that Wyrich's motion (Doc. No. 29) be granted.

**I.     Factual and Procedural Background**

James C. Wyrich initiated this action on August 7, 2020, seeking review of an administrative law judge's decision to deny him Supplemental Security Income (SSI) benefits. (Doc. No. 1.) Wyrich filed a timely motion for judgment on the administrative record on April 2, 2021, arguing that the administrative law judge's decision was not supported by substantial evidence and that remand for further proceedings was required.[1] (Doc. No. 22.) The SSA opposed

---

[1]     The Magistrate Judge granted an unopposed motion to extend the deadline for Wyrich to file a motion for judgment on the administrative record. (Doc. No. 21.)

Wyrich's motion. (Doc. No. 24.) On February 22, 2022, the Magistrate Judge issued a report and recommendation recommending that Wyrich's motion be granted (Doc. No. 26), to which no party objected. The District Judge adopted the report and recommendation on March 17, 2022, vacated the administrative law judge's decision, and remanded the case for further administrative proceedings. (Doc. No. 27.) Final judgment was entered on the same date. (Doc. No. 28.)

Wyrich moved for attorney's fees and expenses on June 9, 2022. (Doc. No. 29.) The Social Security Administration filed a response stating that it did not oppose Wyrich's motion. The matter is now ripe for decision and has been referred to the Magistrate Judge for report and recommendation pursuant to Federal Rule of Civil Procedure 72 and 28 U.S.C. § 636(b)(1). (Doc. No. 30.)

**II.      Legal Standard**

The Equal Access to Justice Act directs that a court "shall award to a prevailing party other than the United States fees and other expenses" in civil actions including "proceedings for judicial review of agency action, brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The court has "broad discretion" to determine whether fees should be awarded under the statute. *Miller v. Berryhill*, 393 F. Supp. 3d 738, 742 (M.D. Tenn. 2019) (citing *DeLong v. Comm'r of Soc. Sec. Admin.*, 748 F.3d 723, 725 (6th Cir. 2014).

**III.     Analysis**

Wyrich supports his motion with an affidavit from his counsel of record, Melissa Palmer. (Doc. No. 29-1.) Palmer's affidavit notes the statutory fee rate of $125.00 per hour under the EAJA and states that, adjusted to reflect a cost-of-living increase, the appropriate attorney hourly rate in this case is $203.94 per hour for fees incurred in 2020 and $214.29 per hour for fees incurred in 2021. (Doc. No. 29-2.) Palmer requests a rate of $100.00 per hour for paralegal time. (Doc. No.

29-1.) Palmer documents 2.4 hours of attorney time at the 2020 rate ($489.46), 25.4 hours of attorney time at the 2021 rate ($5,442.97), and 6.7 total hours of paralegal time ($670.00). (Doc. Nos. 29-3–29-5.) Wyrich thus requests a total attorney's fee award of $6,602.43. (Doc. No. 29.) Wyrich also requests payment of $17.25 in expenses "for the certified mailing related to Service of Process upon the Defendants." (Doc. Nos. 29-1, 29-7.)

The SSA "has no objection" to Wyrich's requested fee award in the amount of $6,602.43 or expenses in the amount of $17.25. (Doc. No. 31.) The SSA notes that the fee award is payable to Wyrich "and may be subject to offset to satisfy a pre-existing debt that the litigant owes to the United States." (*Id.*) Wyrich does not contest that the fee award may be subject to offset (Doc. No. 29-1) and has submitted an "affirmation and waiver of direct payment of EAJA fees" in which he waives direct payment of the fees and assigns payment directly to Palmer. (Doc. No. 29-7.)

It thus appears that there is no disagreement between the parties that an award of attorney's fees is appropriate under the EAJA and that the amount of the award is properly set at $6,602.43 for attorney and paralegal time and $17.25 for expenses.

## IV. Recommendation

The Magistrate Judge RECOMMENDS that Wyrich's motion for attorney's fees (Doc. No. 29) requesting payment for attorney and paralegal time in the amount of $6,602.43 and expenses in the amount of $17.25 GRANTED and that the award be payable by the Social Security Administration subject to offset to satisfy any pre-existing debt that Wyrich owes to the United States.

Any party has fourteen days after being served with this Report and Recommendation to file specific written objections. Failure to file specific objections within fourteen days of receipt of this report and recommendation can constitute a waiver of appeal of the matters decided. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A party who opposes any objections that are filed may file a response within fourteen days after being served with the objections. Fed. R. Civ. P. 72(b)(2).

Entered this 5th day of July, 2022.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge